# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Aye Aung, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 9:17-cv-856-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GEICO and Sharon Cogdill, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Aye Aung's motion to remand (ECF No. 5). Aung argues Defendants GEICO and Sharon Cogdill improperly removed this case from state court because Aung and Cogdill are both South Carolina citizens. For the reasons set forth herein, the Court grants Aung's motion but denies her request for fees and costs.

## BACKGROUND AND PROCEDURAL HISTORY

In June 2010, Aung was severely injured in an automobile collision caused by Meredith Daley. Daley's liability insurance carrier paid Aung roughly the limits of Daley's policy, but the payment did not fully compensate Aung for her various losses. Aung therefore made a claim for underinsured motorist ("UIM") benefits on a policy she had purchased from GEICO, a corporate citizen of Maryland. Negotiations on the claim were unsuccessful, so Aung sued Daley in state court. GEICO assumed Daley's defense.

At some point, Cogdill, an adjuster employed by GEICO, became involved in the handling of Aung's UIM claim and Daley's defense. According to Aung, Cogdill improperly investigated and evaluated Aung's claim, leading GEICO to make unreasonably low settlement offers that never exceeded $2,500.

Mediation was not successful. Aung alleges Cogdill attended mediation without having appropriate settlement authority or discretion over the resolution of the claim. She also contends Cogdill's lack of authority and unwillingness to mediate in good faith was a violation of South Carolina state-court mediation rules that unnecessarily prolonged the litigation by forcing a trial.

Aung's case against Daley went to trial in February 2014. The jury returned a $250,000 verdict for Aung. A post-trial award of costs, pre-judgment interest, and penalties increased the judgment to nearly $275,000. GEICO has paid Aung $50,000 but refuses to pay any remaining portion of the judgment.

On February 1, 2017, Aung sued GEICO and Cogdill in state court, asserting causes of action against them for negligence and insurance bad faith for the manner in which they handled her UIM claim. She also asserted a declaratory judgment cause of action against GEICO alone.

GEICO and Cogdill removed the case to this Court on March 31. Acknowledging that Aung and Cogdill are both citizens of South Carolina, the defense contended that the Court nonetheless has jurisdiction over this case because Cogdill's joinder was fraudulent. On April 17, Aung moved to remand. GEICO and Codgill filed a response on May 1, to which Aung replied on May 4. Accordingly, this matter is now ripe for consideration.

## DISCUSSION

### I. Aung's Request to Remand

Defendants in "diversity" cases—those in which citizens of different states litigate only state-law claims worth more than $75,000—may remove their litigation from state court to federal district court. *See* 28 U.S.C. § 1441(a) (giving federal district courts removal jurisdiction over state-court cases); 28 U.S.C. § 1332(a)(1) (giving courts original jurisdiction over cases between citizens of different states if the amount in controversy exceeds $75,000). The required

diversity of citizenship exists only when "no party shares common citizenship with any party on the other side" of the *v*. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). If that requirement is not met, the federal court lacks jurisdiction and must remand the case to state court. *See* 28 U.S.C. § 1447(c).

As Aung and Cogdill are both South Carolinians, it appears that diversity of citizenship does not exist. GEICO, however, contends this Court may disregard Cogdill's citizenship because Aung fraudulently joined her as a defendant. GEICO and Cogdill bear the burden of proving that contention. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

The citizenship of a fraudulently joined defendant does not count in the complete-diversity analysis. *See Mayes*, 198 F.3d at 461. Fraudulent joinder occurs when the plaintiff engages in "outright fraud" in her pleading of jurisdictional facts or when "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley*, 187 F.3d at 424 (citation and quotation marks omitted). Proving the latter[1] is "a heavy burden"—the removing parties "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* (citation omitted). This standard is even more favorable to plaintiffs than the one for Rule 12(b)(6) motions. *Id.* A "glimmer of hope" of recovery is enough to prevent the removing parties from meeting their burden. *Id.* at 426 (citation omitted); *see also Addison v. Travelers Indem. Co. of Am.*, No. 1:09-cv-3086-MBS, 2010 WL 3258585, at *2 (D.S.C. Aug. 17, 2010) (stating the burden cannot be met "[i]f there is any arguably reasonable basis for predicting that state law might impose liability" on the nondiverse defendant (citation and quotation marks omitted)).

One of Aung's causes of action against Cogdill is for negligence. The elements of a South Carolina negligence claim are "(1) a duty of care owed by the defendant to the plaintiff;

---

1. GEICO and Cogdill have not accused Aung of any outright fraud.

(2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citation omitted). GEICO and Cogdill contend Aung cannot possibly hold Cogdill liable for negligence. They rely on *Charleston Dry Cleaners*, in which South Carolina's Supreme Court declined to hold that independent adjusters owe insureds a "general duty of due care" in their handling of first-party insurance claims. 586 S.E.2d at 588–89. GEICO and Cogdill contend the holding in *Charleston Dry Cleaners* applies to in-house adjusters. Consequently, they argue, Aung has engaged in the second type of fraudulent joinder.

The question at hand—whether South Carolina gives insureds a glimmer of hope to sue in-house adjusters for negligence—has come up in this Court at least three times. *See Price v. Allstate Ins. Co.*, No. 1:14-cv-4081-JMC, 2015 WL 4389335 (D.S.C. July 15, 2015); *Pohto v. Allstate Ins. Co.*, No. 6:10-cv-2654-JMC, 2011 WL 2670000 (D.S.C. July 7, 2011); *Addison*, *supra*.[2] Each time, the Court concluded there is such a glimmer.

In *Addison*, Judge Seymour carefully studied *Charleston Dry Cleaners*, pointing out that the state Supreme Court stayed "silent as to whether an in-house adjuster . . . owes no duty to an insured." 2011 WL 3258585 at *3. From that silence, she inferred that the Supreme Court did not intend for its no-duty holding to apply to in-house adjusters. *Id.* Judge Seymour also discussed *Winburn v. Insurance Co. of North America*, in which an insured lost his negligent adjustment claim against an in-house adjuster simply due to lack of evidence. 339 S.E.2d 142, 147 (S.C. Ct. App. 1985). Given that neither *Charleston Dry Cleaners* nor *Winburn* definitively precluded negligence liability for in-house adjusters, Judge Seymour concluded the plaintiff had

---

2. GEICO and Cogdill cite *Paulk v. Nationwide Mutual Fire Insurance Co.*, No. 3:07-cv-4081-CMC, 2008 WL 343021 (D.S.C. Feb. 4, 2008), as authority for this issue. *Paulk*, however, is not on point; it involved independent adjusters who were acting as appraisers. *Id.* at *1, 2–3.

4

an arguably reasonable basis for her negligence claim against the nondiverse adjuster, which meant remand was required. *Id.*

Judge Childs reached the same conclusion about *Charleston Dry Cleaners* in *Price*. 2015 WL 4389335 at *4. In addition to citing *Addison*, Judge Childs noted a state circuit court opinion finding *Charleston Dry Cleaners* inapplicable to negligence claims against in-house adjusters. *Id.* at *4 n.3. The circuit court explained that the Supreme Court in *Charleston Dry Cleaners* "'was especially careful to limit its holding to independent insurers thereby leaving the possibility of negligent adjustment against in house insurance adjusters.'" *Id.* (quoting state-court opinion). Noting that the circuit court's decision was, of course, not binding, Judge Childs nevertheless found it a reliable confirmation of Judge Seymour's analysis in *Addison*. *Id.* Finally, reading *Winburn* in the light most favoring the plaintiff, Judge Childs found that case does support the proposition that in-house adjusters owe insureds a duty of due care. *Id.* at *4.

Before *Price*, Judge Childs acknowledged in *Pohto* that South Carolina's appellate courts have not spoken to whether in-house adjusters are liable for torts they commit in the scope of their employment. 2011 WL 2670000 at *2. However, as she stated, South Carolina generally allows employees to be held personally liable for such conduct. *See id.* Seeing nothing to suggest South Carolina would make an exception for insurance adjusters, Judge Childs concluded it was possible that the plaintiff could recover against the nondiverse adjuster. *Id.* at *3. *See also Sanders v. Morris Commc'ns Co.*, No. 1:06-cv-1694-RBH, 2006 WL 3139080, at *4 (D.S.C. Oct. 31, 2006) (noting, in its analysis of a fraudulent-joinder issue, South Carolina's longstanding rule that a joint action in tort "is maintainable against both a master and its servant, even though the master's liability may rely entirely upon the principle of *respondeat superior*, and in those cases, the master and the servant are jointly and severally liable to the plaintiff").

These cases illuminate two points about South Carolina law: (1) generally, employees may be held personally liable for torts they committed in the scope of their employment, even if the employer is also liable by virtue of *respondeat superior*; and (2) no South Carolina case clearly carves out an exception to that rule for in-house insurance adjusters—to the contrary, *Winburn* can reasonably be viewed as supporting—or at least not precluding—the theory of in-house adjuster negligence. Although this landscape leaves uncertainty as to whether Cogdill owed Aung a duty of due care, that uncertainty gives Aung at least a glimmer of hope of proving a negligence case against Cogdill.

GEICO and Cogdill insist that *Charleston Dry Cleaners* does apply to in-house adjusters because the independent adjuster's agency relationship with the insurer—a characteristic the Supreme Court mentioned in its opinion, *see* 586 S.E.2d at 589—also exists between insurers and their in-house adjusters. However, as the undersigned's colleagues have correctly noted, *Charleston Dry Cleaners* involved an independent adjuster, and the Supreme Court carefully tailored its holding to cover only such adjusters. GEICO and Cogdill's argument is, therefore, really a plea to extend *Charleston Dry Cleaners* past its original, clearly defined boundaries. That is solely the state's prerogative. By finding *Charleston Dry Cleaners* leaves Aung with *no* possibility of holding Cogdill liable for negligence, this Court would necessarily encroach on that prerogative. Such a finding would also violate *Hartley*'s instruction to construe existing law in the plaintiff's favor. *See* 187 F.3d at 424. Thus, the Court must reject GEIGO and Cogdill's view of *Charleston Dry Cleaners* and instead view it in the way faovring Aung—as a case intentionally limited to a distinguishable set of facts.

GEICO and Cogdill also take issue with Aung's allegations that Cogdill engaged in negligence by violating state-court rules governing mediation. They contend court-imposed

6

sanctions are the only remedy for violating those rules. In 2014, however, Judge Blatt held there is some possibility that in South Carolina, negligence claims can be based on violations of state-court mediation rules. *Arroyo v. Allstate Ins. Co.*, No. 9:14-cv-3536-SB, slip op. at 3 (D.S.C. Dec. 30, 2014). The undersigned agrees with that assessment, and GEICO and Cogdill have not provided any authority showing it to be incorrect.

In sum, GEICO and Cogdill had the enormous burden of showing there is no "arguably reasonable basis for predicting that state law might impose liability" on Cogdill. *Addison*, 2010 WL 3258585, at *2 (citation and quotation marks omitted). They have not carried that burden with respect to Aung's negligence claim against Cogdill.[3] Consequently, Cogdill's citizenship counts. Because she and Aung are both South Carolinians, this court lacks subject matter jurisdiction and must remand the case to state court.

## II. Aung's Request for Attorneys' Fees and Costs

When a federal district court orders remand, it has the discretion to require payment of just costs and actual expenses incurred as a result of removal. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Aung requests such an award.

There is a presumption neither in favor of nor against the awarding of attorney fees under § 1447(c). *Martin*, 546 U.S. at 136. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "The rationale behind the award of attorneys' fees in cases of wrongful remand is to prevent parties from removing cases to federal court merely as a delay tactic in

---

3. As that conclusion is sufficient to defeat GEICO and Cogdill's assertion of fraudulent joinder, the Court need not address the parties' remaining arguments on fraudulent joinder.

7

litigation." *Johnson v. Advance Am.*, 596 F. Supp. 2d 922, 930 (D.S.C.), *aff'd*, 549 F.3d 932 (4th Cir. 2008).

When GEICO and Cogdill removed this case, this Court had already twice interpreted *Charleston Dry Cleaners* in a way favoring Aung, and it had issued another order stating that an in-house adjuster's violation of mediation rules—an allegation at issue here—might support a negligence claim. Those decisions, if consulted, would have counseled against removal. GEICO and Cogdill have attempted to avoid *Addison*, *Price*, *Pohto*, and *Arroyo* simply by dismissing them as unpublished District Court decisions. That argument rings hollow, as GEICO and Cogdill cite five other unpublished District Court decisions in their response brief. Nevertheless, perhaps the collective import of *Addison*, *Price*, *Pohto*, and *Arroyo* was previously not as clear as the Court has attempted to make it in this Order. Thus, with some hesitation, the Court declines to order payment of fees and costs.

## CONCLUSION

For the foregoing reasons, Aung's motion to remand is **GRANTED**, but her request for fees and costs is **DENIED**. This case is hereby **REMANDED** to the Court of Common Pleas for Beaufort County, South Carolina.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 5, 2017**
**Charleston, South Carolina**